IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | |
|---|---|
| GREGORY VILLAFRANCO,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GREGORY VILLAFRANCO,<br><br>    Defendant. | Civil No. 2:05-CV-250BSJ<br><br>**MEMORANDUM OPINION<br>& ORDER**<br><br>**FILED**<br>CLERK, U.S. DISTRICT COURT<br>March 22, 2006 (4:09pm)<br>DISTRICT OF UTAH<br><br>Crim. No. 2:03-CR-901BSJ |

* * * * * * * * *

On November 19, 2003, a federal grand jury returned a one-count Indictment against Gregory Villafranco charging him with violating 18 U.S.C. § 922(g)(1),[1] to which Villafranco

---

[1] Count I alleged that "[o]n or about October 10, 2003, in the Central Division of the District of Utah,"

GREGORY VILLAFRANCO,
aka Greg Franco,

the defendant herein, having been convicted of a crime punishable by imprisonment for more than one (1) year, did knowingly possess in and affecting interstate commerce, a firearm and ammunition, to wit: a Hi-Point 9mm handgun and a handgun magazine containing three rounds of 9mm ammunition; all in violation of 18 U.S.C. § 922(g)(1).

entered a plea of guilty on February 23, 2004.[2]  On May 3, 2004, Villafranco was sentenced to serve a term of forty-eight (48) months' imprisonment, followed by thirty-six (36) months of supervised release.[3]

Villafranco did not appeal from his conviction or his sentence.

Villafranco's conviction and sentence became final upon the expiration of the time for filing of an appeal, *viz.*, on June 4, 2004.  *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final . . . on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); Fed. R. App. P. 26(a) (computation of time).

**Villafranco's August 11, 2004 Motion**

On August 11, 2004, Villafranco filed a "Motion to Re-Open Judgment and Commitment Pursuant to Rule 59(a) of Federal Rules of Judicial Procedure" (dkt. no. 16) in his criminal proceeding, requesting that this court "open the previous findings of fact and take new testimony, amend findings, and conclusions and enter a new judgment" in light of the Supreme Court's ruling in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).  At the direction of the court, counsel for the Government filed a response to that motion on September 1, 2004 (dkt. no.

---

[2] (*See* Minute Entry, dated February 23, 2004 (dkt. no. 9) & Statement by Defendant in Advance of Plea of Guilty, filed February 23, 2004 (dkt. no. 10), in *United States vs. Gregory Villafranco*, Case No. 2:03-CR-901BSJ (D. Utah).)

[3] (*See* Minute Entry, dated May 3, 2004 (dkt. no. 12), & Judgment in a Criminal Case, filed May 20, 2004 (dkt. no. 14), in *United States vs. Gregory Villafranco*, Case No. 2:03-CR-901BSJ (D. Utah).)

19), and on September 3, 2004, this court entered an Order denying Villafranco's motion for lack of jurisdiction under 18 U.S.C. § 3582(b) & (c) to modify Villafranco's sentence.  (Order, filed September 3, 2004 (dkt. no. 20), in *United States vs. Gregory Villafranco*, Case No. 2:03-CR-901BSJ (D. Utah).)

As the court of appeals has explained: "'A district court does not have inherent power to resentence defendants at any time.'"  *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (quoting *United States v. Lewis*, 862 F.2d 748, 750 (9th Cir.1988), *cert. denied*, 489 U.S. 1032 (1989), and citing *United States v. Corey*, 999 F.2d 493, 496 (10th Cir. 1993); *United States v. Fahm*, 13 F.3d 447, 453-54 (1st Cir. 1994)).  "To the extent that Congress codified the district court's inherent power to correct certain sentencing errors in Fed.R.Crim.P. 35(c), it provided a strict seven-day time restriction for the court to do so."  *Id.*[4]  Villafranco's motion was filed long after the seven-day limit under Fed. R. Crim. P. 35(c) expired.  Rule 59 of the Federal Rules of *Civil* Procedure did not apply to Villafranco's criminal proceeding, *cf.* Fed. R. Civ. P. 81,[5] but in any event, imposes a ten-day limit on motions, which had also expired.[6]

**Villafranco's March 23, 2005 Motion**

On March 23, 2005, defendant Villafranco filed a document entitled "Notice of Plain

---

[4] *See Corey*, 999 F.2d at 496 (Rule 35(c) "codifies in limited form the inherent authority of the district courts to correct sentencing errors"); *Fahm*, 13 F.3d at 453-54 (1991 amendment to Rule 35(c) was intended to codify the Second and Fourth Circuit's holdings that a court has inherent jurisdiction to correct certain sentencing errors, "but requires as well that the sentencing court act within the time frame prescribed by the rule").

[5] *Cf. United States v. McKelvey*, 34 Fed. Appx. 959, 960, 2002 WL 1047013, *1 (4th Cir. 2002) ("Rule 59(e) does not apply to criminal proceedings.").

[6] *See, e.g., Searles v. Dechant*, 393 F.3d 1126, 1129 n.5 (10th Cir. 2004) (Rule 59 "motions for relief must be filed 'no later than 10 days after entry of the judgment.'  Since Rule 59 does not permit any extensions of time for filing the motion, the district court lacks the power to extend the time limits for filing a Rule 59 motion.  *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000) (construing Rule 59(e)).").

Error and Motion for Review Under Whichever Rule or Statute Court Deems Proper; (U.S. Constitution Art. I § 9 Clause 2)." The Clerk of the Court treated Villafranco's motion as one made pursuant to 28 U.S.C. § 2255 (2000), commencing the above-captioned proceeding. On March 28, 2005, the court ordered the Government to respond to the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For the United States District Courts and DUCrimR 57-9(c) of this court's local rules. (*See* Order, filed March 28, 2005 (dkt. no. 4).) Counsel for the Government filed a response memorandum on April 4, 2005 (dkt. no. 5).

On March 23, 2005, Villafranco also filed a Request for Appointed Counsel pursuant to 18 U.S.C. § 3006A and Fed. R. Crim. P. 44, to assist him in investigating the basis for his motion and presenting the same at hearings.

Villafranco's March 23, 2005 motion renews his request for reconsideration of his sentence in light of *Blakely* and now, *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), decided on January 12, 2005.

In the year since *Booker* was decided and Villafranco's motion was filed, the court of appeals has addressed the question whether the rules of decision of *Blakely* and *Booker* apply retroactively to criminal sentences that had already become final before those cases were decided. The court of appeals concluded that "*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004," and does not provide a basis for an initial § 2255 motion. *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). The court of appeals has likewise concluded that *Booker* is not retroactively applicable to cases on collateral review. *See United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that *Booker* "does not apply retroactively to criminal cases that became final before its

effective date of January 12, 2005"); *United States v. Gentry*, 432 F.3d 600, 605 & n.4 (5th Cir. 2005) ("we join the several courts of appeals that have held that *Booker* does not apply retroactively to initial § 2255 motions"); *In re Zambrano*, 433 F.3d 886, 889 (D.C. Cir. 2006) ("we conclude that *Booker* is not a new rule of constitutional law 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of 28 U.S.C. § 2255. In so holding, we join all of the circuits that have considered the question.").[7]

The Supreme Court has not yet expressly decided the retroactivity question as to either *Blakely* or *Booker*,[8] but controlling Tenth Circuit precedent indicates that because his conviction and sentence became final before June 24, 2004, Villafranco "cannot challenge his sentence under either *Blakely* or *Booker*," even if his March 23, 2005 motion is correctly treated as a timely motion made pursuant to 28 U.S.C. § 2255. *United States v. Sullivan*, 160 Fed. Appx. 728, 730 (10th Cir. 2005).

Moreover, under *Castro v. United States*, 540 U.S. 375 (2003), a district court may not "recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro*, 540 U.S. at 377 (emphasis in original). As *United States v. Kelly*, 235 F.3d 1238 (10th Cir. 2000),

---

[7]Nor is it grounds to file another § 2255 motion, as *Zambrano* indicates. *See Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Pursuant to the Supreme Court's holding in [*Tyler v. Cain*, 533 U.S. 656, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001)] we must conclude that under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Booker may not be applied retroactively to second or successive habeas petitions.").

[8]On November 28, 2005, the Supreme Court denied review in eleven cases, including *Clark v. United States*, No. 05-5491 (petition for certiorari filed July 18, 2005), presenting the *Booker* retroactivity issue.

instructs:

> Federal prisoners are barred from attacking their federal convictions through second or successive § 2255 motions except in very limited circumstances. *See id.*; *Coleman v. United States*, 106 F.3d 339, 340, 341 (10th Cir. 1997). A successive § 2255 motion is one that "(1) successively repeats claims previously decided on the merits, or (2) abusively asserts new ground unjustifiably omitted from a prior petition." *Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997) (addressing identical successiveness rule applicable to petitions filed under § 2254) (quotation omitted). Thus, to avoid having claims barred as successive, federal prisoners seeking relief under § 2255 *generally must marshal all of their claims into one collateral attack on their conviction and sentence*. . . .
> * * * *
> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

235 F.3d at 1241, 1242 (quoting *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998)) (emphasis added). It follows that if Villafranco's March 23, 2005 motion is treated as a § 2255 motion, it most likely will represent his "one shot at attacking his conviction[] and sentence" on any legal or constitutional grounds he may have, whether asserted in that motion or not. *Blakely* and *Booker* may not be available to Villafranco as a ground for relief under § 2255, but other grounds not raised in his March 23, 2005 motion may be. If Villafranco "must marshal all of [his] claims into one collateral attack on [his] conviction and sentence" under § 2255, and his March 23, 2005 motion is treated as his first § 2255 motion, he may wish to amend that motion to reflect any additional claims.

The characterization of his March 23, 2005 motion as a § 2255 motion also impacts the

availability of the assistance of counsel appointed pursuant to 18 U.S.C. § 3006A(a)(2), which provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice require, representation may be provided for any financially eligible person who— * * * (B) is seeking relief under section 2241, 2254 or 2255 of Title 28."

Therfore, pursuant to *Castro* and *Kelly*, this court hereby provides Villafranco the following:

## WARNING

In commencing the above-captioned proceeding based upon your "Notice of Plain Error and Motion for Review Under Whichever Rule or Statute Court Deems Proper; (U.S. Constitution Art. I § 9 Clause 2)" filed March 23, 2005, in *United States vs. Gregory Villafranco*, Case No. 2:03-CR-901BSJ (D. Utah), this court elected to treat your motion as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (2000).

Treatment of your "Motion for Review" as seeking relief under 28 U.S.C. § 2255 will subject you to the limitations on the filing of any future "second or successive" motion under § 2255 concerning your conviction and sentence in *United States vs. Gregory Villafranco*, Case No. 2:03-CR-901BSJ (D. Utah), specifically:

> Before a second or successive application permitted by § 2255 is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. A second or successive motion must be certified by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable.

The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection. The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Treatment of your "Motion for Review" as seeking relief under 28 U.S.C. § 2255 will also subject that part of your motion to the time limitations that apply to the filing of such motions, specifically:

A 1-year period of limitation shall apply to a motion under § 2255. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

These limitations applicable to motions under § 2255 may adversely affect your future filing of a motion for relief under § 2255 based upon grounds not asserted in your existing motion.

If your motion is treated as a motion for relief under § 2255, a denial of that

motion may be appealed only if the district court or the court of appeals first issues a Certificate of Appealability, *see* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  A Certificate of Appealability will be issued  "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make such a showing, you must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Treatment of your motion as a motion for relief under § 2255 may permit the appointment of counsel to assist you pursuant to 18 U.S.C. § 3006A(a)(2), which provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice require, representation may be provided for any financially eligible person who— * * * (B) is seeking relief under section 2241, 2254 or 2255 of Title 28."  You may not be eligible for appointment of counsel under § 3006A if your motion is made upon a legal basis other than § 2255.

You may choose one of the following three options concerning your motion:

> (1) you may advise the court in writing that you agree that your "Notice of Plain Error and Motion for Review Under Whichever Rule or Statute Court Deems Proper; (U.S. Constitution Art. I § 9 Clause 2)," filed March 23,2005, will be treated as a motion made pursuant to 28 U.S.C. § 2255;

> (2) you may advise the court in writing that you do not agree to treatment of your motion as a § 2255 motion, and identify the specific basis in law or rule for your "Notice of Plain Error and Motion for Review Under Whichever Rule or Statute Court Deems Proper; (U.S. Constitution Art. I § 9 Clause 2)," filed March 23, 2005, other than as a motion made pursuant to 28 U.S.C. § 2255; or

> (3) you may advise the court in writing that you wish to withdraw or amend your "Notice of Plain Error and Motion for Review Under

Whichever Rule or Statute Court Deems Proper; (U.S. Constitution Art. I § 9 Clause 2)" rather than have it considered as a motion made pursuant to 28 U.S.C. § 2255 in its present form.

YOU MUST FILE YOUR WRITTEN RESPONSE CONCERNING THESE OPTIONS WITH THE CLERK OF THIS COURT WITHIN THIRTY (30) DAYS OF THE ENTRY OF THIS MEMORANDUM OPINION & ORDER.  If you fail to file your written response within the time allowed, your "Notice of Plain Error and Motion for Review Under Whichever Rule or Statute Court Deems Proper; (U.S. Constitution Art. I § 9 Clause 2)," filed March 23, 2005, will be deemed to be withdrawn as of the date that the time for your response expires.

* * * * *

The court defers further consideration of Villafranco's pending motions until such time as the court receives Villafranco's written response as indicated above, or his March 23, 2005 motion is deemed to be withdrawn, also as indicated above.

**SO ORDERED.**

DATED this 21st day of March, 2006.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge